UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERI DAVIS, individually and on
behalf of similarly situated persons,

        Plaintiff,

v.

TRICIA E-BILLING SOLUTIONS,
LLC, a Michigan limited liability
company,

        Defendant.
_____/

Case No.: 23-10250
Hon. Gershwin A. Drain

### OPINION AND ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE TO THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN PURSUANT TO 28 U.S.C. § 1404(a)[#6]

**I.   INTRODUCTION**

On January 31, 2023, Plaintiff filed the instant putative collective action against Defendant Tricia E-Billing Solutions, LLC, alleging she and other members of the putative collective action were wrongfully classified as independent contractors and denied overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Count I), and Michigan's Improved Workforce Opportunity Wage Act ("IWOWA"), MICH. COMP. LAWS § 408.932 (Count II).

Presently before the Court is the Defendant's Motion to Transfer Venue, filed on March 31, 2023. Defendant argues the transfer of this case to the Western District of Michigan will promote fairness, justice, convenience, and provide the most judicially expedient and economical disposition of this litigation because the majority of proposed collective action members and documentary evidence, as well as the Defendant, all reside in the Western District of Michigan. Plaintiff filed a Response on April 11, 2023, and Defendant filed a Reply on April 18, 2023. Upon review of the parties' submissions, the Court concludes oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve Defendant's Motion to Transfer Venue on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court denies Defendant's Motion to Transfer Venue.

## II. FACTUAL BACKGROUND

Defendant is a limited liability company that provides billing services to medical providers. Defendant's headquarters and principal office are located in Ingham County, Michigan. Plaintiff was assigned to one optometry office for billing services when she first began her employment with Defendant around March of 2022. By August of 2022, Defendant's owner, Tricia Eddy, asked Plaintiff to begin working full time and assigned her a total of four offices to provide billing services for and provided Plaintiff with a $.50 increase in pay. At

all times during her employment, Plaintiff worked from her home in Howell, Michigan, which is located in the eastern district of Michigan.

Plaintiff argues she was improperly classified as an independent contractor because Defendant treated her like an employee. She claims she and the putative collective action members were required to work in excess of 40 hours per week and were not paid overtime compensation as required by state and federal law. In her Complaint, Plaintiff alleges venue is proper in this Court "because Defendant obligated itself to Plaintiff within the Eastern District of Michigan by way [of] Plaintiff performing her work from her residence in Livingston County, which is situated in the Eastern District of Michigan." ECF No. 1, PageID.2.

### III. LAW & ANALYSIS

Title 28 U.S.C. § 1404(a) authorizes a district court's transfer of a civil action from one district to another district or division:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). The moving party bears the burden of demonstrating by a preponderance of the evidence that, "in light of these factors, 'fairness and practicality strongly favor the forum to which transfer is sought.'" *Amphion, Inc. v. Buckeye Elec. Co.,* 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003) (quoting *Thomas v. Home Depot U.S.A., Inc.,* 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001)).

3

Ultimately, however, the district court has broad discretion to grant or deny a motion to transfer, so long as jurisdiction is proper in either court. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994); *see also Flagstar Bank, FSB v. Estrella*, No. 13-cv-13973, 2013 WL 6631545, at * 1 (E.D. Mich. Dec. 17, 2013).

"A transfer pursuant to § 1404(a) requires that: (1) the action could have been brought in the proposed transferee-court; (2) a transfer would promote the interests of justice; and (3) a transfer would serve the parties' and witnesses' convenience." *Estrella*, 2013 WL 6631545, at *2 (internal citation and quotation marks omitted). The Sixth Circuit has set forth relevant factors the district court should consider when deciding whether to transfer a civil action. *See Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). Such case specific factors include:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of processes to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*Audi AG & Volkswagon of America, Inc. v. D'Amato*, 341 F. Supp. 2d 734, 749 (E.D. Mich. 2004) (quoting *MCNIC Oil & Gas Co. v. IBEX Res. Co.*, 23 F. Supp. 2d 729, 738–39 (E.D. Mich. 1998)).

Title 28 U.S.C. § 1391(b), the general venue statute, determines the proper

venue for Plaintiff's claims. Under this rule,

> A civil action may be brought in—
>
> (1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

With respect to the first factor, this case could have been brought in the Western District of Michigan because the Defendant resides there.

As to the convenience of the parties, "courts grant substantial deference to a plaintiff's chosen forum, especially where, as here, the plaintiff lives in [the] chosen jurisdiction." *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 937 (E.D. Mich. 2001)(citations omitted). "A plaintiff's chosen forum, however, is not sacrosanct, and will not defeat a well-founded motion for a change of venue." *Id.* (citation omitted).

Defendant argues that the majority of Michigan independent contractors hired to perform medical billing services live in the Western District of Michigan. Specifically, nine of the twelve independent contractors reside in the western district. An additional seven contractors work in other states, and the majority of

5

those reside in states geographically west of the state of Michigan. Defendant also resides in the Western District of Michigan.

Here, the Court must be "mindful that a transfer is not appropriate if the result is simply to shift the inconvenience from one party to another." *Audi AG v. D'Amato*, 341 F. Supp. 2d 734, 751 (E.D. Mich. 2004). Defendant has failed to show that its request will not "simply shift the inconvenience from one party to another." *Id*. Defendant does not explain why the travel distance to the Eastern District courthouse in Detroit will be overly burdensome compared to traveling to the Western District courthouse in Grand Rapids. This factor supports declining transfer.

Next, the convenience of witnesses "is one of the most important factors in determining whether to grant a motion to change venue[.]" *D'Amato*, 341 F. Supp. 2d at 750. "The party moving for transfer for the convenience of the witnesses must demonstrate, through affidavits or declarations containing admissible evidence, who the key witnesses will be and what their testimony will generally include." *Bank, FSB Flagstar v. Gulfstream Bus. Bank, Inc.*, No. 2:13-cv-12136, 2013 U.S. Dist. LEXIS 161366, at *2 (E.D. Mich. Nov. 13, 2013). In support of this factor, Defendant relies on the Affidavit of Patricia Eddy, Defendant's owner and manager. Ms. Eddy's affidavit does not identify who the key witnesses will be and what their anticipated testimony will generally conclude. Rather,

6

Defendant merely lists the home addresses of its current independent contractors. Without more information concerning who the key witnesses will be and what their anticipated testimony will generally include, the Court finds that this factor favors declining transfer.

As to ease of access to sources of proof, "the location of documentary evidence is a minor consideration." *D'Amato*, 341 F. Supp. 2d at 751. Indeed, "modern photocopying technology and electronic storage deprive this issue of practical or legal weight." *Wayne Cty. Emples.' Retirement Sys. V. MGIC Inv. Corp.*, 604 F. Supp. 2d 969, 976 (E.D. Mich. 2009). Defendant argues that the "center of gravity" for this case exists at Defendant's company headquarters in Lansing, Michigan. Defendant asserts company documents and sources of proof such as payroll data and contracts, exclusively exist in Lansing, Michigan. The Court does not find this factor favors transfer. Modern technology enables Defendant to easily access and deliver documentary evidence. Defendant does not argue that it is in possession of abnormally large documents that would be impossible to deliver via electronic means. This factor also favors declining transfer.

Next, Defendant argues that the availability of subpoena power to compel witnesses will be impacted if this matter is not transferred to the western district of Michigan. Yet, Defendant concedes that some of the witnesses live in states other

than Michigan. These witnesses are outside of the subpoena power of both the Western District and Eastern District of Michigan. In light of these facts, the Court finds this factor favors neither party.

As to the practical difficulties with trying the case quickly and inexpensively, Defendant argues that transfer will save costs on discovery fees and the collection of relevant evidence because a majority of potential witnesses and documents are located in the western district. Here again, Defendant is merely shifting the inconvenience and costs to the Plaintiff. Defendant has not shown by affidavit or otherwise that it will incur substantial costs if it is required to defend this lawsuit in Detroit, Michigan as opposed to Grand Rapids, Michigan. However, Plaintiff will also incur litigation costs if she is required to prosecute this action in the Western District of Michigan. Moreover, there is nothing in the record to suggest trying the matter in this district will be slower than trying it in the western district. This factor supports declining transfer.

The main argument advanced by Defendant is that the interests of justice support transfer. Defendant maintains that transfer will promote justice and fairness because the majority of witnesses and evidence reside in the western district, and its residents have a public-policy interest in the disposition of this case. However, this district also has an interest in ensuring workers in its jurisdiction are treated legally under federal and state law. Moreover, while

Defendant asserts the "center of gravity" of this case is in the western district of Michigan, Defendant ignores the fact that Plaintiff performed all of her job duties in this district. It may be true that Defendant's payroll decisions were made in Lansing, Michigan, but Plaintiff felt the consequences of those decisions in the eastern district of Michigan. The "locus of operative facts" is "an important factor in resolving a motion to transfer venue." *Wayne Cty. Employees' Ret. Sys.*, 604 F. Supp. 2d at 976. Here, while many of the actions relevant to Plaintiff's claims may have occurred within the western district, other actions relevant to her claims occurred in this district. This factor slightly favors the Defendant. Because this is the only factor favoring Defendant, Defendant has not shown by a preponderance of the evidence that "fairness and practicality strongly favor" transferring this matter to the western district of Michigan.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion to Transfer Venue to the U.S. District Court for the Western District of Michigan Pursuant to 28 U.S.C.§ 1404(a) [#6] is DENIED.

SO ORDERED.

Dated: June 14, 2023 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 14, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk